**In re William Joseph SMITH and Bonnie Lee Smith, Debtors.**

**Mariann H. McCulloch, Plaintiff,**

**v.**

**William Joseph Smith and Bonnie Lee Smith, Defendants.**

**Bankruptcy No. 8:04–bk–11454–PMG. Adversary No. 8:04–ap–573–PMG.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

May 24, 2007.

Joel S. Treuhaft, Joel S. Treuhaft Law Offices, Palm Harbor, FL, for Plaintiff.

William Joseph Smith, Tampa, FL, pro se.

## ORDER ON PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT

PAUL M. GLENN, Chief Bankruptcy Judge.

**THIS CASE** came before the Court for hearing to consider the Renewed Motion

for Summary Judgment filed by the Plaintiff, Mariann H. McCulloch.

The Plaintiff commenced this adversary proceeding by filing a Complaint to determine the dischargeability of a particular debt owed to her by the Debtors, William Joseph Smith (Smith) and Bonnie Lee Smith, and also to deny the Debtors' discharge in their Chapter 7 case.

In the Renewed Motion for Summary Judgment, the Plaintiff asserts that there is no genuine issue as to any material fact, and that she is entitled to the entry of a judgment in her favor as a matter of law.

## I. Dischargeability

In Count I of her Complaint, the Plaintiff alleges that a judgment debt owed to her by the Debtors is nondischargeable pursuant to § 523(a)(2) of the Bankruptcy Code, because the debt was obtained through fraud or misrepresentation. In Count II, the Plaintiff alleges that the judgment debt is nondischargeable pursuant to § 523(a)(4) of the Bankruptcy Code, because it was obtained through larceny.

The causes of action set forth in Count I and Count II are based on an Amended Final Judgment that was entered by the Circuit Court for Hillsborough County, Florida, on September 5, 2000 (the State Court Judgment). (Doc. 1, Complaint, Exhibit B). In the State Court Judgment, the Court found that Smith had made fraudulent representations regarding certain property, and that Smith had committed civil theft of the Plaintiff's property. As a result of its findings, the Court awarded damages to the Plaintiff in the total amount of $92,445.54.

## A. Collateral estoppel

According to the Plaintiff, she is entitled to the entry of a summary judgment on Count I and Count II, because the State Court Judgment collaterally estops the Debtors from denying the nondischargeability of the debt. (Transcript, p. 5).

The doctrine of collateral estoppel bars the relitigation of issues decided in a prior judicial proceeding. "If the prior judgment was rendered by a state court, then the collateral estoppel law of that state must be applied to determine the judgment's preclusive effect." *In re St. Laurent,* 991 F.2d 672, 675–76 (11th Cir.1993). Under Florida law, the following elements must be established for the doctrine to apply: "(1) the issue at stake must be identical to the one decided in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case." *In re Hartnett,* 330 B.R. 823, 829 (Bankr.S.D.Fla.2005).

## B. The original Motion for Summary Judgment

This Court previously entered an Order on the Plaintiff's original Motion for Summary Judgment. (Doc. 29). In that Order, this Court acknowledged that the State Court concluded in the State Court Judgment that Smith had (1) fraudulently represented his ownership interest in certain property; (2) fraudulently represented the condition of the property; and (3) committed civil theft of the Plaintiff's property. (Doc. 29, p. 7).

Despite the State Court's conclusions, this Court nevertheless determined that the State Court Judgment was not entitled to collateral estoppel effect in the pending dischargeability action, because:

    1. The State Court complaint and moving papers were not in the record,

so that the Court could not determine whether the claims that were litigated in the State Court case were identical to the claims presented in the discharge-ability action.

2.   The State Court Judgment did not include any factual findings that established all of the elements of the Plaintiff's claims under § 523(a) of the Bankruptcy Code.

3.   The Debtor, Bonnie Lee Smith, was not a party to the State Court action at the time that the State Court Judgment was entered.

(Doc. 29, pp. 7–8).   Consequently, the Court denied the Plaintiff's original Motion for Summary Judgment.

### C.   The Renewed Motion for Summary Judgment

In response, the Plaintiff subsequently filed the Renewed Motion for Summary Judgment that is currently under consideration.   To support her Renewed Motion, the Plaintiff supplemented the record in two significant respects.

First, the Plaintiff submitted a copy of an "Answer to Crossclaim by Smith and Crossclaim."   (Doc. 33, Exhibit 1).   The Cross-claim was filed by the Plaintiff in the State Court action, and is the pleading that culminated in the entry of the State Court Judgment.

Second, the Plaintiff submitted a copy of the Findings of Fact, Conclusions of Law and Memorandum Opinion issued by the State Court following the trial on the Cross-claim.   (Doc. 33, Exhibit 4).

The real property at issue in the State Court case is located at 4318 San Juan Street, Tampa, Florida (the Property).

### 1.   The State Court Cross-claim

·In the Cross-claim, the Plaintiff generally alleged that Smith, as the seller, and the Plaintiff, as the buyer, had entered into a Contract for Deed with respect to the Property on May 28, 1997, and that Smith had signed a Seller's Disclosure Statement on the same date.

The Cross-claim contained two causes of action arising from the Contract for Deed. In the first cause of action, for fraud, the Plaintiff alleged that:

1.   Smith represented to her that he previously had exercised an Option to Purchase the Property, and that he had a sufficient interest in the Property to transfer title to her through a Warranty Deed. (¶¶ 19, 27).

2.   Smith represented to her that he would pay one-half the cost of treating the Property for termites, as well as associated expenses. (¶ 23).

3.   Smith represented to her that he would pay for the removal of an electric meter from an addition to the Property. (¶ 31).

4.   Smith represented to her that the roof on the Property was no more than six months old and did not leak. (¶¶ 35, 36).

The Plaintiff further alleged that Smith knew or should have known that the statements described above were false at the time that they were made, that he made the statements with the intent to induce her to enter the Contract for Deed, and that she relied on the statements.   (Doc. 33, Exhibit 1).

In the second cause of action set forth in the State Court Cross-claim, for civil theft, the Plaintiff alleged that:

1.   Smith represented to her that he had been a licensed real estate broker for more than twenty years. (¶ 42).

2.   Smith represented to her that he was the fee simple owner of the Property. (¶ 44).

3. Smith represented to her that he had exercised an option on the Property. (¶ 45).

The Plaintiff further alleged that Smith knew or should have known that the statements were false at the time that he made them. Finally, the Plaintiff alleged that she had delivered the sum of $6,456.69 to Smith on June 2, 1997, that she had demanded the return of the funds in accordance with Florida law, that Smith failed to return the funds, and that she was entitled to an award of triple damages based on Smith's civil theft.

## 2. The State Court's Findings of Fact

On December 22, 1999, following an evidentiary hearing, the State Court issued its Findings of Fact, Conclusions of Law and Memorandum Opinion with respect to the Cross-claim. (Doc. 33, Exhibit 4). In its Opinion, the State Court made the following specific findings:

1. On May 10, 1995, Smith (as tenant) entered into a Residential Lease Agreement with a third party, which included an option for Smith to purchase the Property. (p. 11, ¶ 1).

2. Smith did not pay the option price by the date required under the Residential Lease Agreement, and received copies of the payment history indicating his default. (p. 11, ¶¶ 2, 3).

3. On May 28, 1997, Smith, as the seller, entered into a Contract for Deed with the Plaintiff. (p. 11, ¶¶ 4, 5).

4. In the Contract for Deed, Smith represented that he would provide proof to the Plaintiff that he had exercised the option to purchase the Property. (p. 12, ¶¶ 6, 7).

5. Smith's representation is an assertion that he was the owner of the Property. (p. 12, ¶ 9).

6. The Plaintiff relied on Smith's representations, entered into the Contract for Deed, and paid Smith. (p. 12, ¶ 11).

7. "Smith's action in representing that he was the owner of the property, that he gained ownership through the exercise of an option on the property, that he was legally able to transfer clear Warranty Deed to [the Plaintiff], together with Smith's representation that all repairs on the property were covered by warranty, were made for the express purpose of inducing [the Plaintiff] to enter into a contract and to induce [the Plaintiff] to pay him money." (pp. 12–13, ¶ 15).

8. Smith knew that he had not exercised the option or taken title to the Property at the time that he signed the Contract for Deed. (p. 13, ¶¶ 19, 20).

9. Smith has never returned the $6,456.69 deposit paid by the Plaintiff. (p. 14, ¶ 25).

Based on its factual findings, the State Court determined that the Plaintiff had satisfied her burden of proving that Smith "knew that he did not have the ability to convey marketable title to the subject property at the time of the execution of the Contract for Deed with [the Plaintiff], and that he intended to fraudulently misrepresent his ownership interest in the subject property to induce [the Plaintiff] to enter into the Contract for Deed." (Doc. 33, Exhibit 4, pp. 16–17).

The State Court also determined that the Plaintiff had satisfied her burden of proving that Smith "had the intent to either permanently or temporarily deprive [the Plaintiff] of the $6,456.69 deposit she gave to Smith as the initial payment for the purchase of the property." (Doc. 33, Exhibit 4, p. 17).

## D. Application

The Court has considered the supplemented record in this dischargeability action, and finds that the Debtor, William Joseph Smith, is precluded from denying the nondischargeability of the debt evidenced by the State Court Judgment. The doctrine of collateral estoppel, however, does not preclude the Debtor, Bonnie Lee Smith, from denying the nondischargeability of the debt owed to the Plaintiff.

As set forth above, the Plaintiff contends that the judgment debt is nondischargeable pursuant to § 523(a)(2) and § 523(a)(4) of the Bankruptcy Code. Those sections provide as follows:

**11 USC § 523. Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

.    .    .    .    .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

(A) *false pretenses, a false representation, or actual fraud,* other than a statement respecting the debtor's or an insider's financial condition.

.    .    .    .    .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, *or larceny.*

11 U.S.C. § 523(a)(2)(A), (4)(Emphasis supplied).

■ In order to prevail under § 523(a)(2)(A), a plaintiff must prove (1) that the debtor made a false representation with the purpose and intent of deceiving the plaintiff; (2) that the plaintiff justifiably relied on the representation; and (3) that the plaintiff sustained a loss as a result of the representation. *In re Pupello,* 281 B.R. 763, 766 (Bankr.M.D.Fla.2002). See also *In re Parr,* 347 B.R. 561, 564 (Bankr.N.D.Tex.2006).

■ To prevail under the larceny exception of § 523(a)(4), a plaintiff must prove that the debt arose from "the fraudulent taking and carrying away of property of another with intent to convert such property to his use without the consent of another." *In re Pupello,* 281 B.R. at 768.

### 1. The Debtor, William Joseph Smith

■ As to the Debtor, William Joseph Smith, the Findings of Fact, Conclusions of Law and Memorandum Opinion issued by the State Court on December 22, 1999, sufficiently establishes each of the elements required for a determination of nondischargeability under § 523(a)(2)(A) and § 523(a)(4) of the Bankruptcy Code.

In other words, the Opinion and State Court Judgment sufficiently establish (1) that Smith falsely represented to the Plaintiff that he owned the Property; (2) that Smith made the false representation with the intent to deceive the Plaintiff and to cause her to sign the Contract for Deed; (3) that the Plaintiff relied on Smith's representation; and (4) that the Plaintiff suffered a loss as a result of her execution of the Contract for Deed. Further, the Opinion and State Court Judgment also establish that Smith wrongfully accepted the Plaintiff's deposit with the intent to convert the funds to his own use.

The doctrine of collateral estoppel precludes Smith from relitigating the issues previously decided by the State Court, as those issues are set forth above. Further, the Court finds that the issues decided by the State Court are sufficient to satisfy the requirements for nondischargeability under § 523(a)(2) and § 523(a)(4) of the Bankruptcy Code.

With respect to the Debtor, William Joseph Smith, therefore, the Court finds that the State Court Judgment has collateral estoppel effect in this dischargeability action.

The issues of fraud and larceny that were raised and litigated in the State Court action are identical to the issues presented in the dischargeability action, as shown by the allegations contained in the Plaintiff's Cross-claim. The issues were actually litigated at an evidentiary hearing conducted in the State Court, and the State Court's determination of the fraud and larceny claims were essential to its Memorandum Opinion and Amended Final Judgment. Finally, the State Court specifically found that the Plaintiff had proved her claims by a preponderance of the evidence, the same standard of proof that applies in dischargeability actions under § 523(a) of the Bankruptcy Code. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

Summary Judgment should be entered against the Debtor, William Joseph Smith, as to Count I and Count II of the Plaintiff's Complaint. The debt owed by William Joseph Smith to the Plaintiff, as evidenced by the Amended Final Judgment entered by the State Court on September 5, 2000, is determined to be nondischargeable under § 523(a)(2) and § 523(a)(4) of the Bankruptcy Code.

**2. The Debtor, Bonnie Lee Smith**

█ The Plaintiff's Motion for Summary Judgment on Count I and Count II should be denied, however, as to the Debtor, Bonnie Lee Smith.

In the Order on the Plaintiff's original Motion for Summary Judgment, this Court determined that Bonnie Lee Smith was not a named party in the prior State Court action at the time that the Cross-claim was filed, at the time that the trial was conducted, or at the time that the State Court Judgment was entered. On the contrary, Bonnie Lee Smith and two corporations were subsequently "added as party Defendants Nunc Pro Tunc to the date of the Original Judgment." (Doc. 29, p. 7, citing Doc. 1, Complaint, Exhibit A). Since Bonnie Lee Smith was not a party to the action as of the date that the State Court Judgment was entered, it did not appear to this Court that the issue of her liability could have been "at stake" or "actually litigated" in the State Court case.

In her Renewed Motion for Summary Judgment, the Plaintiff did not furnish additional documentation to support a finding of nondischargeability as to Bonnie Lee Smith. In the Renewed Motion, for example, the Plaintiff asserted only as follows:

> Plaintiff concedes that Defendant Bonnie Smith was added as a party Defendant to the state court action nunc pro tunc. However, Plaintiff believes that the state court has found Bonnie Smith to be an "alter ego" and to have conspired with her husband to hinder, delay and defraud creditors, and to have obtained money and property through fraudulent purposes so as to establish a finding that judgments obtained by Plaintiff to be nondischargeable as to her as well.

(Doc. 33, pp. 3–4). Other than these general statements regarding Bonnie Lee Smith's involvement in her husband's affairs, the Plaintiff did not explain why the entry of the State Court Judgment should prevent Bonnie Lee Smith from challenging the nondischargeability of the particular debt in this case.

At the hearing on the Renewed Motion, the Plaintiff mentioned only one document to support her dischargeability claim against Bonnie Lee Smith. (Transcript, pp. 5–6; Doc. 33, Exhibit 5). Specifically,

the Plaintiff suggested that the "Supplemental Proceeding Motion to Determine and Avoid Fraudulent Transfers Motion for Execution and Motion for Injunction" shows that "Mrs. Smith had been a party to an overall attempt to hinder, defraud and delay the payment of creditors." (Transcript, p. 6).

The document described by the Plaintiff, however, does not refer to the Property on San Juan Street, to the Contract for Deed that was signed by the Plaintiff and William Joseph Smith, or to any participation by Bonnie Lee Smith in the purported sale of the Property to the Plaintiff. (Doc. 33, Exhibit 5). In other words, the document appears wholly unrelated to the specific transaction that is the subject of the Cross-claim, the State Court Judgment, and Count I and Count II of the Plaintiff's Complaint in this dischargeability action.

The Plaintiff's Renewed Motion for Summary Judgment as to Count I and Count II of the Complaint should be denied as to Bonnie Lee Smith.

## II.  Denial of discharge

In Count III of her Complaint, the Plaintiff seeks a denial of the Debtors' discharge pursuant to § 727(a)(2), § 727(a)(3), § 727(a)(4), and § 727(a)(5) of the Bankruptcy Code.

Generally, § 727(a)(2) provides that a debtor shall not receive a discharge if he transferred property of the debtor within one year before the filing of the bankruptcy petition, or property of the estate after the filing, with the intent to hinder, delay, or defraud a creditor. 11 U.S.C. § 727(a)(2).

Section 727(a)(3) provides that a debtor shall not receive a discharge if he concealed, destroyed, or failed to keep or preserve books and records from which his financial condition might be ascertained. 11 U.S.C. § 727(a)(3).

Section 727(a)(4) provides that a debtor shall not receive a discharge if he knowingly and fraudulently made a false oath in connection with a case. 11 U.S.C. § 727(a)(4).

Section 727(a)(5) provides that a debtor shall not receive a discharge if he failed to explain satisfactorily any loss of assets or deficiency of assets to meet his liabilities. 11 U.S.C. § 727(a)(5).

The Plaintiff did not divide her causes of action under § 727(a) into separate Counts based on the respective subsections and specific allegations. Nevertheless, it appears that her request for denial of the Debtors' discharge is primarily based on four factual contentions:

1.  Bonnie Lee Smith sold certain nonexempt property located at 4108 West Pearl Avenue to Leocadio and Maria Cintron, postpetition, without obtaining Court approval for the sale. (Doc. 25, Exhibit C; Doc. 35, Exhibit 8).

2.  The Debtors received rental income from the West Pearl Avenue property that was not disclosed on their bankruptcy schedules or to the Trustee. (Doc. 33, Exhibits 6, 7).

3.  The Debtors have an interest in two lots near 4108 West Pearl Street that was not disclosed on their bankruptcy schedules or to the Trustee. (Doc. 33, pp. 4–6; Transcript, pp. 9–11).

4.  The Debtors have an interest in a corporation known as Smitcom, Inc., which owned one of the lots near 4108 West Pearl Avenue. The Debtors' interest in Smitcom, Inc. was not disclosed on their bankruptcy schedules or to the Trustee, even though the State Court has determined that the corporation is an "alter ego" of the Debtors. (Doc. 25, Exhibit A; Doc.33, pp. 10–11).

According to the Plaintiff, these circumstances show that the Debtors have transferred or concealed assets of the estate, have failed to explain their financial condition to the Court, and have made false oaths in connection with their Chapter 7 case, all within the meaning of § 727(a) of the Bankruptcy Code.

■ The Court finds that the Plaintiff's Renewed Motion for Summary Judgment should be denied as to Count III of her Complaint. Issues of fact exist in this case which preclude the entry of a summary judgment denying the Debtors' discharge.

The issues of fact include the following:

1. Whether the Chapter 7 Trustee had effectively abandoned the property located at 4108 West Pearl Avenue. Greenpoint Mortgage Corporation filed a Motion for Relief from the Automatic Stay on September 8, 2004. In the Motion, Greenpoint alleged that it held a mortgage on the property located at 4108 West Pearl Avenue, and that the Debtors were indebted to Greenpoint on the mortgage note in the amount of $188,513.46. On September 15, 2004, the Court entered an Order directing the Chapter 7 Trustee to respond to the Motion within twenty days of the date of the Order. The Trustee did not respond or assert any interest in the property within the time permitted, and an Order Lifting the Automatic Stay in Favor of Greenpoint was entered on November 17, 2004. (See Doc. 29, pp. 12–13).

2. Whether Bonnie Lee Smith transferred the property with the intent to hinder, delay, or defraud her creditors. The Debtors previously asserted that the sale to the Cintrons was negotiated in 2003, prior to the filing of the bankruptcy petition. (Doc. 29, p. 12).

3. Whether the Debtors received any rental payments from Leocadio Cintron relating to the West Pearl Avenue property and, if so, the dates and amounts of those payments. Although the Plaintiff submitted the deposition transcripts of Leocadio and Maria Cintron (Doc. 33, Exhibits 6, 7), the Cintrons' testimony (translated by an interpreter) is confusing and lacks detail regarding the pre-closing payments made to the Debtors.

4. Whether the Debtors have an ownership interest in any lots adjacent to or near the West Pearl Avenue property which was not disclosed on their schedules and, if so, the status and value of the lots as of the petition date. The Plaintiff asserts in conclusory terms that "4108 West Pearl Street is actually 3 separately described and platted lots." (Doc. 33, p. 4). The record does not present a clear showing of the Debtors' title to or ownership of the lots, however, and does not enable the Court to find that any such ownership was not disclosed in the Chapter 7 case.

5. Whether the Debtors' interest in Smitcom, Inc. existed as of the petition date and, if not, the date on which the interest terminated. The Court recognizes that the State Court found that Smitcom, Inc. was an alter ego of the Debtor, William Joseph Smith. (Doc. 25, Exhibit A). The Plaintiff describes Smitcom, Inc. as a dissolved corporation, however, and the record does not establish the date of dissolution or the disposition of any assets held by the corporation.

Based on the factual issues that are present in this case, the Court cannot determine that the Debtors' discharge should be denied as a matter of law. Consequently, the Plaintiff's Motion for Summary Judgment should be denied as to Count III of her Complaint.

### Conclusion

The Plaintiff commenced this adversary proceeding by filing a Complaint to deter-

 

mine the dischargeability of a particular debt under § 523(a)(2) and § 523(a)(4) of the Bankruptcy Court (Counts I and II), and also to deny the Debtors' discharge under § 727(a) of the Bankruptcy Code (Count III). The matter before the Court is the Plaintiff's Renewed Motion for Summary Judgment on all Counts of the Complaint.

With respect to the Debtor, William Joseph Smith, the Plaintiff's Renewed Motion for Summary Judgment should be granted as to Count I and Count II of the Complaint, because the Debtor is precluded by the doctrine of collateral estoppel from denying the nondischargeability of the debt evidenced by the Amended Final Judgment entered by the State Court on September 5, 2000.

With respect to the Debtor, Bonnie Lee Smith, the Plaintiff's Renewed Motion for Summary Judgment should be denied as to Counts I and II of the Complaint, because the issue of her liability was not at stake or litigated in the prior State Court action.

Finally, with respect to both Debtors, the Plaintiff's Renewed Motion should be denied as to Count III of Complaint, because issues of fact are present in this case which preclude the entry of a summary judgment denying the Debtors' discharge.

Accordingly:

**IT IS ORDERED** that:

1. The Plaintiff's Renewed Motion for Summary Judgment is granted as against the Debtor, William Joseph Smith, as to Count I and Count II of the Complaint.

2. The debt owed to the Plaintiff by the Debtor, William Joseph Smith, as evidenced by the Amended Final Judgment entered by the Circuit Court for Hillsborough County, Florida, on September 5, 2000, is nondischargeable in the Debtor's

bankruptcy case pursuant to § 523(a)(2) and § 523(a)(4) of the Bankruptcy Code.

3. The Plaintiff's Renewed Motion for Summary Judgment is denied as to the Debtor, William Joseph Smith, with respect to Count III of the Complaint.

4. The Plaintiff's Renewed Motion for Summary Judgment is denied as to the Debtor, Bonnie Lee Smith.